UNITED STATES of America, Plaintiff,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.

No. 69 Civ. 200 (DNE).

United States District Court, S. D. New York.

Nov. 30, 1976.

Dept. of Justice, Antitrust Div., Washington, D. C., for plaintiff.

Cravath, Swaine & Moore, New York City, for defendant.

## MEMORANDUM

EDELSTEIN, Chief Judge:

This motion seeks the appointment of an Auditor pursuant to Rule 53 of the Federal Rules of Civil Procedure:

(i) to determine which of the approximately 1334 computer tapes that the defendant asserts contains its Leased Base Machine Inventory (LBMI) file and its Purchase Base Machine Inventory (PBMI) file are required to create statistics sought by the Government; (ii) to obtain from the defendant and deliver to the plaintiff copies of each computer tape and supporting documentation which would be necessary to provide the plaintiff with the statistics it seeks from the LBMI and PBMI files.

Although the court agrees that plaintiff is entitled to any and all materials which will be useful in enabling it to obtain evidence of defendant's market share, the court is not persuaded that the appointment of an auditor is warranted at this time. In order to provide plaintiff with the information sought, the court hereby orders defendant to make available for inspection and copying the items set forth in Plaintiff's Memorandum in Support of the instant motion at page 6 which are in defendant's possession, custody, or control. Those items are:

(1) the tapes [the LBMI and PBMI files] themselves which have different physical characteristics and different formats over the period 1960–1974;

(2) the programs which have made use of those tapes over that time period;

(3) the documentation for the individual programs and for the programming systems of which those programs are a part;

(4) operator run instructions which instruct the operators of the computer system in how to mount and process the tapes in order that given programs may be properly processed; and

(5) record layouts with the time periods for which they were effective;

(6) along with tables of codes which indicate what particular abbreviations, mnemonics or other codes mean in the data which is recorded on the files.

It is the intention of the court that the above list of items to be produced be construed broadly.

Defendant need not produce items not required by plaintiff and as to which plaintiff so communicates to defendant in writing. Defendant may move for an order modifying or vacating this order within five days of its entry, but only on grounds not raised in defendant's papers submitted in opposition to the instant motion.

Production pursuant to this order shall commence as soon as is reasonably possible and pursuant to schedules determined by negotiation between the parties.

By letter of November 18, 1976 to the court, counsel for defendant stated that "a list of current programs (with some form of brief description) which relate to or make use of LBMI and PBMI (and Comstat) data . . . could be made available to counsel here." Upon request by counsel for plaintiff, defendant shall provide to it such a list.

So ordered.